IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED

2009 DEC -8 P 3: 15

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

CATHIE JUNG, an individual.

Plaintiff

vs.

<CATHIEJUNG.COM>, an Internet Domain Name

Defendant.

**COMPLAINT**

Civil action no. 1:09cv1353 AJT/JFA

## I. COMPLAINT

Plaintiff Cathie Jung, an individual ("Plaintiff Jung"), by and through its undersigned counsel, hereby files this Complaint against the Internet domain name <CATHIEJUNG.COM> pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. 1125(d)(2) and in support thereof states as follows:

## II. NATURE OF THE ACTION

This is an *in rem* action under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(2) ("ACPA") for injunctive and other relief relating to the registration of the Defendant Internet domain name <CATHIEJUNG.COM>, which consists of the personal name and mark Plaintiff Cathie Jung.

## III. THE PARTIES

1. Plaintiff Jung is an individual who is a resident of North Carolina.

2. The domain name <CATHIEJUNG.COM> is registered in this judicial district via the Verisign ".com" registry, According to the "WHOIS" information of the Verisign registry and the WHOIS information of the registrar, the domain name is registered to a "J.T. Dirks, J.C.

1

Creations Amsterdam", with an address of Venetiehof 147, Amsterdam, Netherlands. "WHOIS" is an international protocol system, whereby the owners and registrars of domain names are identified and cataloged.

3. Upon information and belief, J. T. Dirks is a corset designer and the owner and operator of a corset shop known as "J.C. Creations Amsterdam"

4. Upon information and belief, on or about September 23, 2003. J. T. Dirks Registered the domain name and caused the registrant of the domain name to be listed as "J.T. Dirks, J.C. Creations Amsterdam".

## IV.   JURISDICTION AND VENUE

5. Plaintiff Jung's claims arise under the Lanham Act, 15 U.S.C. § 1114 et seq. and 15 U.S.C. § 1125 et seq., as amended November 29, 1999. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1338, and 15 U.S.C. § 1121.

6. This court has in rem jurisdiction over the domain name <CATHIEJUNG.COM> pursuant to 15 U.S.C. § 1125(d)(2)(C) because under 15 U.S.C. § 1125(d)(2)(A), the domain name registry, Verisign Inc., is located in this judicial district and division, and under 15 U.S.C. § 1125(d)(2)(A)(ii)(I), the registrant of the domain name, (the person who would have been a defendant under an action brought under Section 1125 (d) (1)), is not (upon information and belief) subject to service of process.

7. This Court properly has venue pursuant 28 U.S.C. § 1391. Venue is proper in this judicial district pursuant to § 43(d)(2)(C) of the Trademark Act of 1946, 15 U.S.C. § 1125(d)(2)(C) because the *res,* i.e., the infringing domain name is located in this judicial district and the registry is situated in this judicial district.

## V. <u>FACTS</u>

8.  The domain name <CATHIEJUNG.COM> wholly consists of the exact personal name by which Plaintiff Jung identifies herself and the name by which she is known. Plaintiff Jung has used this name and has been known by this name since her marriage in December of 1959 when her married name became "Jung".

9.  Plaintiff Jung is a celebrity model acclaimed in the Guinness Book of World Records as having "The Smallest Waist on a Living Person."

10. Through US and international media appearances and publications Plaintiff Jung is widely known in interstate and international commerce as "Cathie Jung".

11. Plaintiff Jung is the exclusive owner of valuable rights and goodwill in the name and term "Cathie Jung".

12. Plaintiff Jung derives substantial value from her name "Cathie Jung", her reputation and likeness.

13. "Cathie Jung" is the personal name by which Plaintiff Jung identifies herself, and is protected as a mark under 15 U.S.C. 1125(a) against use thereof likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such Plaintiff Jung with another person, or as to the origin, sponsorship, or approval commercial activities conducted by another person without authorization.

14. Plaintiff Jung is widely recognized among consumers in channels of trade relating, inter alia, to fashion and to corsets in particular.

15. The Defendant Internet domain name <CATHIEJUNG.COM> wholly consists of Plaintiff Jung's name in such as manner as to cause confusion, mistake and deception as to the origin, sponsorship or approval of commercial activities conducted by use of the domain name.

16.   The presence and use of the domain name <CATHIEJUNG.COM> has caused actual mistake, confusion and deception as to the origin, sponsorship or approval of commercial activities conducted by use of the domain name.

17.   The domain name <CATHIEJUNG.COM> is registered in this judicial district via the Verisign.com registry, to a J.T. Dirks, a resident of the Netherlands. Upon information and belief, Mr. Dirks is a corset designer and the owner and operator of a corset shop known as "J.C. Creations Amsterdam" at Venetiehof 147, Amsterdam, Netherlands.

18.   Upon information and belief, Mr. Dirks and J.C. Creations receive monetary remuneration from the operation of the website which Mr. Dirks has caused to be situated on the domain name <CATHIEJUNG.COM>. This monetary remuneration includes, but is not limited to, revenue from the provision of advertising, from the sale of products and from the sale of services that result from links on the website that redirect Internet users.

19.   Upon information and belief, links on the website on the domain name <CATHIEJUNG.COM> redirect to another website operated by Mr. Dirks which is a subscription-based website entitled "Corset World" in the Netherlands.

20.   Upon information and belief, the Internet web server utilized to host <CATHIEJUNG.COM> is located in the Netherlands.

21.   The main web page that has been posted at <CATHIEJUNG.COM> has displayed the name and likeness of Plaintiff Jung, and advertises a subscription site at "Corset World" which, upon information and belief, is owned, managed and controlled by J.T. Dirks. Upon information and belief, J.T. Dirks receives financial remuneration from the operation of the website and from the payments that are received for the subscription services. The main web page has falsely stated "On www.corsetworld.com you will find the website of Cathie Jung". Plaintiff Jung does not operate a website or endorse the website at www.corsetworld.com

4

22. The term CATHIEJUNG and the domain name <CATHIEJUNG.COM> are being used without authorization of Plaintiff Jung in bad faith to profit from a mistaken impression of source, origin, authorization or endorsement of Plaintiff Jung.

23. Media organizations and others, believing that <CATHIEJUNG.COM> (and the website situated thereon) is an instrument of the Plaintiff, have attempted to contact Plaintiff Jung to arrange appearances and to transmit other communications to Plaintiff Jung by using the contact information posted at <CATHIEJUNG.COM>. In this manner and in numerous other manners, Plaintiff Jung has been harmed as a consequence of such actual confusion.

24. Upon information and belief, the domain name <CATHIEJUNG.COM> has been used by the registrant and others with knowledge and intent that such use has caused and continues to cause irreparable harm to Plaintiff Jung, to profit in bad faith from confusion with Plaintiff Jung and to tarnish the reputation of Plaintiff Jung.

25. Registration and use of the domain name has caused, and continues to cause, actual confusion among persons seeking to contact Plaintiff Jung, impairing the value of Plaintiff Jung's name and reputation.

26. If the domain name <CATHIEJUNG.COM> is not transferred by this Court to Plaintiff Jung, the Plaintiff Jung will continue to suffer irreparable harm, lost revenue and damage to her reputation.

27. Long prior to the time that the Defendant domain name, <CATHIEJUNG.COM> was registered, the name and mark of Plaintiff Jung was famous within the meaning of 15 U.S.C. 1125(c)(2).

28. Upon information and belief, the registrant of the domain name does not and has never operated under or been known by the name of Cathie Jung or any mark similar to the term

"Cathie Jung". Upon information and belief, the registrant of the Defendant domain name has no trademark or intellectual property rights in the term "Cathie Jung".

29. Upon information and belief, the domain name has been utilized for the purposes of offering other products and services to customers through the domain name and obtaining revenue by redirecting visitors to one or more other websites from which the registrant receives monetary remuneration.

30. Upon information and belief, the domain name was registered solely for the purposes of utilizing the domain name for financial gain, without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services under the mark and personal name that is identical to the domain name.

31. In addition, domain name is used to display a website that uses the legal name of Plaintiff Jung. References, offerings of goods and services, and redirects to other commercial websites on the website on the domain name creates a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site, and dilutes and tarnishes the mark, goodwill, reputation and name of Plaintiff Jung.

32. The domain name and the registrant do not use the name "Cathie Jung" on the Web site assigned to the domain name fairly or for bona fide noncommercial purposes.

33. Plaintiff Jung has the right to domain names associated with and derived from the legal name and mark of Plaintiff Jung. The domain name, however, has been registered and utilizes, in bad faith, the domain name (which is identical to the personal name of Plaintiff Jung), thereby creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the domain name and the website associated with the domain name and dilutes and tarnishes the mark, goodwill, reputation and name of Plaintiff Jung.

"Cathie Jung". Upon information and belief, the registrant of the Defendant domain name has no trademark or intellectual property rights in the term "Cathie Jung".

29. Upon information and belief, the domain name has been utilized for the purposes of offering other products and services to customers through the domain name and obtaining revenue by redirecting visitors to one or more other websites from which the registrant receives monetary remuneration.

30. Upon information and belief, the domain name was registered solely for the purposes of utilizing the domain name for financial gain, without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services under the mark and personal name that is identical to the domain name.

31. In addition, domain name is used to display a website that uses the legal name of Plaintiff Jung. References, offerings of goods and services, and redirects to other commercial websites on the website on the domain name creates a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site, and dilutes and tarnishes the mark, goodwill, reputation and name of Plaintiff Jung.

32. The domain name and the registrant do not use the name "Cathie Jung" on the Web site assigned to the domain name fairly or for bona fide noncommercial purposes.

33. Plaintiff Jung has the right to domain names associated with and derived from the legal name and mark of Plaintiff Jung. The domain name, however, has been registered and utilizes, in bad faith, the domain name (which is identical to the personal name of Plaintiff Jung), thereby creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the domain name and the website associated with the domain name and dilutes and tarnishes the mark, goodwill, reputation and name of Plaintiff Jung.

34. The registration of the domain name and the trafficking in, and using the Domain Name all have been conducted in bad faith under the meaning of 15 U.S.C. § 1125(d)(1)(B).

## COUNT ONE

### Cybersquatting, Section 43(d) the Lanham Act, 15 U.S.C. § 1125(d)(1) in rem

35. Plaintiff Jung alleges again and incorporates by reference paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. As set forth above, and under Section 15 U.S.C. § 1125(d)(2), the infringing domain name <CATHIEJUNG.COM> violates Plaintiff's rights because the infringing domain name is confusingly similar to, and dilutive of, Plaintiff's famous personal name and marks.

37. The domain name <CATHIEJUNG.COM> has been registered, has been trafficked, has been utilized and continues to be utilized with bad faith, which is identical or confusingly similar to Plaintiff's personal name and distinctive marks, in violation of 15 U.S.C. § 1125(d) and 15 U.S.C. § 1125(d)(1)(A).

38. The domain name <CATHIEJUNG.COM> is currently registered to the registrant, who has no intellectual property rights in the term <CATHIEJUNG>.

39. The registrant's use of the domain name is likely to cause confusion with the general public as to the source of the information and content of the web sites to which the domain name is currently linked.

40. The continued registration and use of the infringing domain name constitutes a violation of 15 U.S.C. § 1125(d)(2), which protects the personal name of individuals and the owners of trademarks and prohibits the registration of internet domain names that are confusingly similar to any famous name, trademark, or dilutive of any famous name or trademark.

41. Plaintiff has suffered, and continues to suffer, irreparable harm to her reputation and goodwill as a result of the registration and ongoing infringement of the domain name.

42. The domain name's usage and infringement of the trademark rights of Plaintiff violate Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d)(1).

43. As a direct and proximate result of the actions, conduct, and practices alleged above, Plaintiff has been damaged and will continue to be damaged.

44. Plaintiff alleges an inability to obtain personal jurisdiction over the registrant of the domain name, and therefore invokes the provisions of 15 U.S.C. § 1125(d)(2) naming the domain name <CATHIEJUNG.COM> as an *in rem* defendant, preserving all *in personam* claims pursuant to 15 U.S.C. § 1125(d)(1).

45. VeriSign, Inc. is the registry for the domain name, and has offices in this District. Therefore, the domain name is deemed to have its situs in this District.

46. Plaintiff Jung alleges an inability to obtain personal jurisdiction over Defendant, and therefore invokes the provisions of 15 U.S.C. § 1125(d)(2) naming the Domain Name as an in rem defendant, preserving all *in personam* claims pursuant to 15 U.S.C. § 1125(d)(1).

47. Plaintiff has sent a notice of the alleged violation and intent to proceed under this Anticybersquatting Consumer Protection Act to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar;

48. Plaintiff Jung has sent a copy of this Complaint and notice of the filing of this Complaint to VeriSign, Inc. as required by 15 U.S.C. § 1125(d)(2)(D).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Cathie Jung, prays:

49. That Defendant <CATHIEJUNG.COM> be adjudged to have been registered, trafficked in, or used with a bad faith intent to profit from Plaintiff Jung's mark and personal name; and

50. That this Court enter judgment in Plaintiff Jung's favor, ordering the transfer of the registration and control of the domain name to Plaintiff Jung; and

51. That this Court enter judgment in Plaintiff Jung's favor, ordering that Verisign registry be directed to transfer the Domain Name to an Internet domain name registrar at which Plaintiff Jung maintains an account; and

52. That this Court enter judgment in Plaintiff Jung's favor and order Plaintiff's registrar to register the domain name <CATHIEJUNG.COM> in the name of Plaintiff Jung; and

53. That this Court enter judgment in Plaintiff Jung's favor for such other and further relief as this Court may deem proper.

Respectfully Submitted,                                          Date:   December 7, 2009

_____
Stephen H. Sturgeon, Jr. Esquire
Virginia Bar # 46142
Attorney For Cathie Jung, Plaintiff
Stephen H. Sturgeon, Attorney
11116 Hurdle Hill Drive
Potomac, Md 20854
301 983 6111 (voice)
202 595 7806 (fax)
shs@sturgeonfirm.com with copy to
shsturgeon@comcast.net