IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
APR 23 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| CATHIE JUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:09cv1353 (AJT/JFA) |
| ) | |
| <CATHIEJUNG.COM>, ) | |
| an Internet Domain Name, ) | |
| ) | |
| Defendant. ) | |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 15). In this *in rem* action involving the domain name <cathiejung.com>, the plaintiff, Cathie Jung ("Jung"), seeks a default judgment ordering that the registry for the defendant domain name transfer the defendant domain name to a registrar who will transfer the registration for the defendant domain name to Jung. Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On May 6, 2009, Jung filed a complaint alleging a violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA") in a prior action captioned *Cathie Jung v. Cathiejung.com*, 1:09cv0500 (E.D. Va. 2009) (the "Prior Action"). (Prior Action, Docket no. 1). On December 4, 2009, this court dismissed the Prior Action without prejudice, finding that Jung had failed to demonstrate good cause for her failure to serve the defendant

domain name within 120 days after the complaint was filed pursuant to Fed. R. Civ. P. 4(m). (Prior Action, Docket no. 11).

On December 8, 2009, Jung again filed a complaint alleging a violation of the ACPA, thereby initiating the present action. (Docket no. 1). On December 14, 2009, Jung filed a motion for service by publication or, in the alternative, for waiver of publication, with a memorandum in support of her motion. (Docket nos. 2-3). On January 22, 2010, an Order was entered directing Jung to provide notice of this action by publication in accordance with the ACPA. (Docket no. 8). That Order further directed Jung to "file an affidavit with the court no later than twenty-eight (28) days after the entry of [the] Order describing the steps that have been taken to comply with [the] Order." *Id.* Plaintiff failed to file an affidavit with the court as directed and on March 2, 2010 the undersigned entered an Order directing plaintiff's counsel to appear before the court on Friday, March 12, 2010 and show cause why the action should not be dismissed for failure to comply with the explicit provisions of the January 22, 2010 Order. (Docket no. 9). On March 4, 2010, Jung filed an affidavit describing Jung's compliance with the January 22, 2010 Order directing Jung to publish notice of this action. (Docket no. 10). That affidavit averred that Jung had published notice of this action as directed on February 5, 2010. (Docket no. 10, Ex. 1). On March 5, 2010, the undersigned entered an Order cancelling the show cause hearing scheduled for March 12, 2010 based upon the filing of the affidavit of compliance. (Docket no. 11).

Other than the claim made by Jung, no response, claim, or other pleading has been filed by anyone asserting any right or claim to the defendant domain name. On March 19, 2010, Jung filed a request for entry of default (Docket no. 12) with an accompanying affidavit (Docket no. 13) and the Clerk entered a default against the defendant domain name (Docket no. 14) that same

2

day. On April 14, 2010, Jung filed a motion for default judgment and a memorandum in support with supporting declarations and noticed her motion for a hearing on April 23, 2010. (Docket nos. 15-17). Jung provided the registrant with copies of the motion for default judgment, the notice of the hearing on the motion for default judgment, and the declarations attached to the memorandum in support of the motion for default judgment by email, UPS, and mail. (Docket no. 18). On April 23, 2010, counsel for Jung appeared at the hearing on the motion for default judgment before the undersigned magistrate judge and no claimant appeared on behalf of the defendant domain name.

### Factual Background

The following facts are established by the complaint (Docket no. 1) and the memorandum in support of motion for default judgment with its supporting declarations from Jung and from Jung's counsel, Stephen Sturgeon (Docket no. 16). Jung is an individual who is a resident of North Carolina. (Compl. ¶ 1). The defendant <cathiejung.com> is an Internet domain name registered to a "J.T. Dirks, J.C. Creations Amsterdam" based in the Netherlands. (Compl. ¶ 2). The registrant of <cathiejung.com> is not, and has never been, known as "Cathie Jung." (Docket no. 16, Ex. 2 ¶ 20) (the "Jung Decl.").

Jung has used the name "Cathie Jung" and has been known by that name since her marriage in December of 1959 when her married name became "Jung." (Compl. ¶ 8). Jung is a celebrity model acclaimed in the Guinness Book of World Records as having "The Smallest Waist on a Living Person." (Compl. ¶ 9). Jung appears in publications and has made media appearances within the United States and internationally. (Compl. ¶ 10). Jung is widely known among consumers in channels of trade related to fashion and to corsets in particular. (Compl. ¶ 14). Jung claims that she obtains substantial value from her name, reputation, and likeness.

3

(Compl. ¶ 12). Jung claims that she is the exclusive owner of valuable rights and goodwill in the name and term "Cathie Jung." (Compl. ¶ 11).

The internet domain name <cathiejung.com> consists entirely of plaintiff's name. (Jung Decl. ¶ 3). PSI-USA, Inc. is the registrar of <cathiejung.com>. (Docket no. 2). Jung did not authorize the registration of <cathiejung.com>. (Jung Decl. ¶¶ 8, 14). However, <cathiejung.com> displays the name and likeness of Jung in conjunction with the advertising of a subscription to another website. (Jung Decl. ¶ 13). <Cathiejung.com> was registered with the intent to profit from Jung's name and likeness by selling the domain name to Jung or to a third-party. (Jung Decl. ¶ 8). In fact, the registrant has attempted to sell <cathiejung.com> to Jung. (Jung Decl. ¶ 8). <Cathiejung.com> is currently being used to generate revenue from the provision of advertising and the sale of products and services, including pornography. (Jung Decl. ¶ 11). <Cathiejung.com> is also being used as a click through website directing visitors to another website - "Corset World" - that offers goods and services. (Jung Decl. ¶ 12). <Cathiejung.com> has caused actual confusion and mistake, as media organizations and others have attempted to contact Jung through <cathiejung.com>, believing it to be an instrument of the Plaintiff. (Jung Decl. ¶¶ 15, 17).

### Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure of anyone to file a responsive pleading or claim to the defendant domain name in a timely manner, the Clerk has entered a default. (Docket no. 14). A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a

responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

### Jurisdiction and Venue

A court must have both subject matter and personal or *in rem* jurisdiction over a defaulting defendant before it can render a default judgment. Plaintiff's claims arise under the ACPA, 15 U.S.C. § 1125(d), and this court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

The court has *in rem* jurisdiction over the domain name <cathiejung.com> pursuant to Section 43(d)(2)(A) of the Lanham Act, 15 U.S.C. § 1125(d)(2)(A), as plaintiff has been unable to obtain *in personam* jurisdiction over the current registrant as he resides in the Netherlands. (Compl. ¶¶ 2-4, 6). The first required element for *in rem* jurisdiction over a domain name is satisfied when the domain name violates any right of the owner of a mark registered with the Patent and Trademark Office, or protected under subsection (a) or (c). *See* 15 U.S.C. § 1125(d)(2)(A)(i). In turn, 15 U.S.C. § 1125(a)(1) makes liable:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

The "Cathie Jung" Mark is not registered with the Patent and Trademark Office. However, as it has been used by the current registrant, the requirements of 15 U.S.C. § 1125(a)(1) have been satisfied. The defendant domain name offers goods and service to others under the "Cathie Jung" Mark and also has been used to resolve to another website that offers the goods and services of others under the "Cathie Jung" Mark. Thus, the current registrant has used the "Cathie Jung" Mark, through the defendant domain name, in connection with a service in commerce that is likely to cause confusion or deceive the public as to the actual sponsor of that service. As such, the "Cathie Jung" Mark is protected under 15 U.S.C. § 1125(a) and the first part of the test for *in rem* jurisdiction contained in 15 U.S.C. 1125(d)(2)(A)(i) is satisfied.

The ACPA also conditions *in rem* jurisdiction upon a finding that the trademark owner: (a) is unable to obtain personal jurisdiction over a person who would otherwise be a defendant in a civil action under the ACPA; or (b) through due diligence cannot find the person who would have been a defendant in such an action, having sent that person postal and electronic notice of both the alleged violation and the owner's intent to sue. *See* 15 U.S.C. § 1125(d)(2)(A)(ii). Plaintiff is unable to obtain personal jurisdiction over the current registrant, who otherwise would be the named defendant in this action, because he resides in the Netherlands and is not subject to the personal jurisdiction of this court.

Venue is proper in this district under 15 U.S.C. § 1125(d)(2)(C)(i), which places venue for an *in rem* ACPA action in the judicial district in which the domain name's registrar, registry, or other domain name authority that registered or assigned the domain name is located. VeriSign, Inc., which has offices in Dulles, Virginia, within this district and division, is the

exclusive registry controlling all domain names in the generic .com top-level domain, including <cathiejung.com>.

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has *in rem* jurisdiction over the defendant domain name and that venue is proper in this court.

### Service

On December 10, 2009, Jung sent a copy of the complaint to the registrant at the postal address provided in the registrar's WHOIS database. (Docket no. 3, Ex. A ¶ 5). The copy of the complaint was sent via UPS and was personally signed for by the registrant. (Docket no. 2, Ex. A ¶ 6). Jung also sent a copy of the complaint to the email address provided by the registrant to the registrar and listed in the registrar's WHOIS database. (Docket no. 3). Pursuant to this court's January 22, 2010 Order (Docket no. 8), Jung published notice of this action in *The Washington Times* on February 5, 2010 (Docket No. 10, Ex. 1). As set forth in the published notice, any person claiming an interest in the defendant domain name was required to file an answer or other response to the complaint within twenty-one (21) days from the date of the publication of the Order in *The Washington Times*. The twenty-one day time period for filing an answer or claim expired on February 26, 2010.

The ACPA provides that service of process in an *in rem* action may be accomplished by sending a notice of the alleged violation and intent to proceed under the ACPA to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar and by publishing notice of the action as the court may direct promptly after filing the action. 15 U.S.C. § 1125(d)(2)(B). Jung has complied with these provisions and the undersigned recommends a finding that service of process has been accomplished in this action.

### Grounds for Entry of Default

Under Fed. R. Civ. P. 12(a), and as stated in the notice of this lawsuit, anyone asserting a claim to the defendant domain name was required to file an answer or response with the Clerk by February 26, 2010. No responsive pleading was filed by either the named registrant or anyone else claiming ownership of the domain name and on March 19, 2010 Jung filed her request for entry of default (Docket no. 12) with its supporting affidavit (Docket no. 13). The Clerk of the Court entered a default that same day. (Docket no. 14). Upon obtaining default, Jung filed her motion for default judgment with its supporting memorandum and noticed it for a hearing on April 23, 2010. (Docket nos. 15-17). Jung provided the registrant with copies of the motion for default judgment, the notice of the hearing on the motion for default judgment, and the declarations attached to the memorandum in support of the motion for default judgment by email, UPS, and mail. (Docket no. 18).

The undersigned magistrate judge recommends a finding that notice of this *in rem* action was provided properly, that no one filed a responsive pleading or claim to the defendant domain name in a timely manner, and that the Clerk properly entered a default as to the defendant domain name <cathiejung.com>.

### Liability and Relief Sought

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because no responsive pleading was filed, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). The relief sought in the complaint is the transfer of control of the defendant domain name from the current registrar (PSI-USA, Inc.) to another registrar (Network Solutions, LLC) that will then provide for the transfer of the registration of the defendant domain name to Jung. The notice

published pursuant to the ACPA provided that one of the remedies available under the ACPA was the transfer of the domain name to the plaintiff in this action. (Docket no. 10, Ex. 1).

To state a claim under the ACPA, Jung must prove that <cathiejung.com> and/or its registrant registered, trafficked in, or used a domain name with a bad faith intent to profit and that the domain name is either identical or confusingly similar to a distinctive mark owned by Jung, or, upon a finding that a mark owned by Jung is famous, that the domain is identical or confusingly similar to, or dilutive of, Jung's famous mark. *See* 15 U.S.C. § 1125(d)(1)(A); *see also People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). A mark may include a personal name. *See* 15 U.S.C. § 1125(d)(1)(A). Registration of a mark is *prima facie* evidence that the mark is at least descriptive and has acquired distinctiveness. *America Online, Inc. v. AT&T Corp.*, 243 F.3d 812, 816 (4th Cir. 2001). Further, secondary meaning exists where there are extensive advertising expenditures, sales successes, attempts to plagiarize a mark, and where a mark has been used exclusively for an extended period of time. *See, e.g., Perini Corp. v. Perini Constr. Inc.*, 915 F.2d 121, 125 (4th Cir. 1990).

Plaintiff in this action has failed to register the "Cathie Jung" Mark. However, plaintiff claims she has used the "Cathie Jung" Mark in interstate and international commerce in connection with the promotion of her status as a celebrity model since 1959. (Jung Decl. ¶¶ 1, 5). Plaintiff has used the "Cathie Jung" Mark in media and personal appearances and publications, from which plaintiff derives substantial value. (Jung Decl. ¶¶ 5, 6). Plaintiff is widely recognized in channels of trade relating to the fashion industry. (Jung Decl. ¶ 7). Accordingly, the "Cathie Jung" Mark is widely recognized by consumers throughout the United

9

States for services emanating from Jung. For these reasons the undersigned magistrate judge recommends a finding that the "Cathie Jung" Mark is distinctive.[1]

The next consideration is whether <cathiejung.com> is identical or confusingly similar to, the "Cathie Jung" Mark. Based on the uncontested allegations in the complaint, the undersigned magistrate judge recommends a finding that <cathiejung.com> is confusingly similar to the "Cathie Jung" Mark. The registration and use of <cathiejung.com> is likely to cause confusion among the public, including customers of Jung, because the "dominant or salient portions" of the "Cathie Jung" Mark and <cathiejung.com> are identical. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 936 (4th Cir. 1995). In fact, <cathiejung.com> has already caused confusion on the part of media organizations that have attempted to contact Jung through <cathiejung.com>. In this case, there is no difference between the "Cathie Jung" Mark and the defendant domain name because the domain name consists entirely of the "Cathie Jung" Mark.

Having recommended a finding that the "Cathie Jung" Mark is distinctive and that <cathiejung.com> is confusingly similar to the "Cathie Jung" Mark, the court now turns to the question of whether the registrant registered or used <cathiejung.com> with a bad faith intent to profit. For at least the following reasons, the undersigned recommends a finding that the registrant registered and has used <cathiejung.com> with a bad faith intent to profit from the "Cathie Jung" Mark:

---

[1] Jung contends that the "Cathie Jung" Mark is a famous mark under 15 U.S.C. § 1125(c)(2)(A). Given the finding that the "Cathie Jung" Mark is distinctive and that the defendant domain name is confusingly similar to the "Cathie Jung" Mark, it is unnecessary to address whether the "Cathie Jung" Mark has obtained the status of a famous mark under 15 U.S.C. § 1125(c)(2)(A).

1. The "Cathie Jung" Mark, which the registrant has incorporated into <cathiejung.com>, is distinctive;

2. The registrant has no valid trademark or intellectual property rights in the "Cathie Jung" Mark or <cathiejung.com> within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(I);

3. From the record before the court, it appears that <cathiejung.com> does not consist of the registrant's legal name or in any way identify the registrant within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(II);

4. The registrant has not used <cathiejung.com> in connection with the *bona fide* offering of any goods or services within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(III) since the use of the "Cathie Jung" Mark was without permission from the mark's owner;

5. The registrant has not used <cathiejung.com> for *bona fide* noncommercial purposes or within the fair use provisions of 15 U.S.C. § 1125(d)(1)(B)(i)(IV);

6. The registrant's intent in registering and using <cathiejung.com> was to divert Jung's customers to a website that derives profits from the distinctive nature of the "Cathie Jung" Mark and harm the goodwill of the "Cathie Jung" Mark, within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(V); and

7. The registrant has offered to transfer <cathiejung.com> to Jung for financial gain without having used, or having an intent to use, the domain name in the *bona fide* offering of any goods or services, within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(VI).

The ACPA provides that, upon a finding of a violation, the court has discretion to cancel the domain name registration or order it transferred to the trademark owner. 15 U.S.C. § 1125(d)(1); *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 232 (4th Cir. 2002) ("Transfer or cancellation of the defendant domain name[] is the only remedy available under §

1125(d)(2)'s *in rem* provision"). For these reasons, the undersigned magistrate judge recommends a finding that the registrant's actions have violated the ACPA, and that an order be entered requiring the registry VeriSign, Inc. to transfer the registrar for the domain name <cathiejung.com> from PSI-USA, Inc. to Network Solutions, LLC and ordering Network Solutions, LLC to transfer the registration of <cathiejung.com> to plaintiff.

## NOTICE TO PARTIES

**Failure to file written objections to these proposed findings of fact and recommendations within fourteen (14) days after being served with a copy of the proposed findings of fact and recommendations may result in the waiver of any right to a *de novo* review of the proposed findings and recommendations and such failure shall bar you from attacking on appeal any findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error. A copy of these proposed findings of fact and recommendations shall be sent to the registrant of the domain name at J.T. Dirks, J.C. Creations Amsterdam, Venetiehof 147, Amsterdam, Netherlands.**

Entered this 23rd day of April, 2010.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia